UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY LEE AGEE, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EDWARD T. SCHAFER, Secretary, )<br>United States Department of Agriculture, )<br>)<br>Defendant. )<br>) | Civil Action No. 08-882 (PLF) |
| FOREST KIMBROUGH, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EDWARD T. SCHAFER, Secretary, )<br>United States Department of Agriculture, )<br>)<br>Defendant. )<br>) | Civil Action No. 08-901 (PLF) |
| LINDA ADAMS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EDWARD T. SCHAFER, Secretary, )<br>United States Department of Agriculture, )<br>)<br>Defendant. )<br>) | Civil Action No. 08-919 (PLF) |

|  |  |
|---|---|
| NATIONAL BLACK FARMERS ASSOCIATION, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br> EDWARD T. SCHAFER, Secretary, <br> United States Department of Agriculture, <br><br>　　　　Defendant. | Civil Action No. 08-940 (PLF) |
| WILLIE E. BENNETT, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br> EDWARD T. SCHAFER, Secretary, <br> United States Department of Agriculture, <br><br>　　　　Defendant. | Civil Action No. 08-962 (PLF) |
| AMBROSE MCKINNEY, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br> EDWARD T. SCHAFER, Secretary, <br> United States Department of Agriculture, <br><br>　　　　Defendant. | Civil Action No. 08-1062 (PLF) |

| | |
|---|---|
| JAMES BOLTON, *et al.*,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiffs,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　　　) | Civil Action No. 08-1070 (PLF) |
| EDWARD T. SCHAFER, Secretary,<br>United States Department of Agriculture,<br>　　　　Defendant. | |
| BLACK FARMERS AND<br>AGRICULTURALISTS<br>ASSOCIATION, INC., *et al.*,<br>　　　　Plaintiffs,<br>　　　v. | Civil Action No. 08-1188 (PLF) |
| EDWARD T. SCHAFER, Secretary,<br>United States Department of Agriculture,<br>　　　　Defendant. | |

ORDER

The eight above-captioned actions were filed in this Court pursuant to Section 14012 of the Food, Conservation and Energy Act of 2008 (the "Act"). In order to ensure that these actions are managed in an efficient and orderly manner, it is hereby ORDERED that:

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the above-captioned actions and any other actions filed in this Court seeking relief under Section 14012 of the Act are consolidated and will be coordinated for all purposes.

2. All papers in these actions shall be filed by electronic means, through the Case Management/Electronic Case Filing system ("CM/ECF"), as required by (and subject to the exceptions contained in) Local Civil Rule 5.4.

3. All counsel who have not yet done so shall promptly obtain a CM/ECF password from the Clerk of the Court, pursuant to the requirements of Local Civil Rule 5.4(b).[1]

4. As provided by Local Civil Rule 5.4(d), electronic filing of any document operates to effect service of the document on all parties whose counsel have obtained CM/ECF passwords. Counsel who have not yet obtained CM/ECF passwords must serve and be served as otherwise provided in Rule 5(b) of the Federal Rules of Civil Procedure. See also FED. R. CIV. P. 5.2 ("Privacy Protection for Filings Made with the Court") (effective Dec. 1, 2007). The Clerk of the Court is not required to provide hard copies of any papers filed electronically in these consolidated cases to attorneys who have not entered their appearances on the CM/ECF system and registered for a password granting them access to the electronic dockets.

5. The Clerk of the Court shall maintain a Master Docket and electronic case file under the caption "In re Black Farmers Discrimination Litigation," and the case number Misc. No. 08-0511 (PLF). Every document filed in these consolidated actions shall bear the following caption:

---

[1] Counsel may speak with either of the following with respect to this paragraph: Joe Burgess, CM/ECF Coordinator, 202-354-3172 or Greg Hughes, Chief Deputy Clerk for Operations, 202-354-3191.

|                                              |   |
|----------------------------------------------|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION | ) ) ) ) Misc. No. 08-0511 (PLF) |
| This document relates to:                    | ) ) ) ) ) ) |

When a document is applicable to all actions, the caption of the document shall include the notation "ALL CASES" below the phrase "This document relates to." Such documents shall be filed only in the Master Docket.

When a document is applicable only to a specific action or actions, the caption of the document shall include the individual docket number(s) of the action(s) to which the document applies below the phrase "This document relates to." In such cases, counsel shall file the document in the Master Docket *and* in the docket of each individual action to which it is applicable. When counsel files a document applicable only to a specific action or actions, counsel shall not "spread" such filings to the other consolidated actions when presented with that option during the electronic case filing process.

6. Defendant shall file a Notice of Related Case in the Master Docket whenever a new case is filed in this Court that defendant believes should be consolidated into this action, unless the action already has been assigned to the undersigned judge.

7. No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Local Civil Rule 83.2 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

8. Any paper filed in any of these actions which is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers they shall join in the submission of such papers and shall file only one paper on behalf of all so joined.

9. Counsel shall familiarize themselves with the Local Civil Rules of this Court. Except as provided herein to the contrary, the parties shall comply with all such Rules. The parties are directed especially to the requirements of Local Civil Rule 5.1(b), regarding written correspondence with the Court (which shall be by motion, opposition, and reply, rather than by letter); Local Civil Rule 7(m), regarding the duty of counsel to confer in advance of filing nondispositive motions (including those for enlargements of time); and Local Civil Rule 7(c), regarding the submission of proposed orders with all motions and oppositions.

10. The Court will be guided by the <u>Manual for Complex Litigation Fourth</u> (2004), approved by the Judicial Conference of the United States. Counsel are directed to familiarize themselves with that publication.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 8, 2008